**FILED**

8/4/2020

Clerk, U.S. District Court
District of Montana
Billings Division

ANTOINETTE M. TEASE, P.L.L.C.
Antoinette M. Tease
P.O. Box 1902
Billings, MT 59103
Telephone 406-294-9000
Facsimile 406-294-9002
toni@teaselaw.com

*Attorney for Plaintiff RED LODGE ALES BREWING COMPANY*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| RED LODGE ALES BREWING COMPANY, a Montana corporation, <br><br> Plaintiff, <br><br> vs. <br><br> AXIOM LLC d/b/a LOCKHORN HARD CIDER, a Montana limited liability company, <br><br> Defendant. | **CV-20-119-BLG-SPW-KLD** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff RED LODGE ALES BREWING COMPANY ("RED LODGE

ALES") ("Plaintiff") alleges the following for its Complaint against defendant

AXIOM LLC d/b/a LOCKHORN HARD CIDER ("LOCKHORN")

("Defendant"):

## I. PARTIES

1.     Plaintiff RED LODGE ALES is a Montana 1445 N. Broadway, Red Lodge, Montana 59068.

2.     Upon information and belief, Defendant LOCKHORN is a Montana limited company with its principal place of business at 25 South Wallace Avenue, Bozeman, Montana 59715.

## II. JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction under Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, under Sections 1331, 1338, and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338, and 1367, and under principles of pendent jurisdiction.

4.     This Court has personal jurisdiction over LOCKHORN because it has a place of business in Bozeman, Montana; transacts and conducts substantial business within the State of Montana; offers for sale, sells and/or provides products and/or services to persons within the State of Montana; and has otherwise made or established sufficient contacts with this State to permit the exercise of personal jurisdiction.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant actively promotes sales and/or offerings of its products and

2

services in this District; thus, a substantial part of the acts or omissions giving rise to RED LODGE ALES' claims occurred in this District.

## III.  FACTS

6.    RED LODGE ALES has been in business since 2002 and is locally owned and operated.  Prior to the incorporation of RED LODGE ALES in 2002, the brewery operated as a sole proprietorship.  The company offers to the public a wide range of alcoholic beverages products, including beer and hard cider. Attached as Exhibit A is a screenshot of the homepage of RED LODGE ALES' website.

7.    RED LODGE ALES has won industry awards and has acquired nationwide recognition for its products.  RED LODGE ALES has made a significant investment in registering its trademarks and in enforcing its trademark rights.

8.    One of RED LODGE ALES' products is BEARTOOTH PALE ALE beer.  Attached as Exhibit B is an image of this product.  RED LODGE ALES has distributed this product throughout Montana and Wyoming for two decades.

9.    RED LODGE ALES registered the mark BEARTOOTH PALE ALE with the U.S. Patent and Trademark Office on September 24, 2013.  This registration is now incontestable.  RED LODGE ALES has used the BEARTOOTH PALE ALE mark continuously in commerce since at least as early

as August 12, 2004. Attached as Exhibit C is the federal trademark registration information for this mark. As of the date of this Complaint, Reg. No. 4406272 is the only live federal trademark registration for any mark that includes the word "BEARTOOTH" or the words "BEAR" and "TOOTH" in International Class 032 or 033.

10. RED LODGE ALES registered a stylized version of the BEARTOOTH PALE ALE mark with the Montana Secretary of State on January 12, 2009. This registration expired on January 12, 2014. RED LODGE ALES registered the BEARTOOTH PALE ALE word mark with the Montana Secretary of State on March 3, 2020. Attached as Exhibit D is the state trademark registration information for this mark. RED LODGE ALES has been using the BEARTOOTH PALE ALE mark continuously within the state of Montana since at least as early as December 31, 1999.

11. Upon information and belief, LOCKHORN is a Montana limited liability company that was organized August 13, 2012. Upon information and belief, LOCKHORN is in the business of providing alcoholic beverages to customers in Montana and elsewhere. According to the LOCKHORN website, the company has a physical location in Bozeman, Montana.

4

12.    Upon information and belief, LOCKHORN has offered and currently offers a product called "BEARTOOTH BITTERSWEET." Attached as Exhibit E is a screenshot of LOCKHORN's web page advertising this product.

13.    RED LODGE ALES and LOCKHORN are direct competitors in the field of alcoholic beverages. RED LODGE ALES' customers know that RED LODGE ALES makes hard cider and are likely to conclude that BEARTOOTH BITTERSWEET is a product of RED LODGE ALES. RED LODGE ALES owns a cider mill and pub located in Billings, Montana. Attached as Exhibit F is a newspaper article about RED LODGE ALES' cider mill and pub.

14.    Beer and hard cider are related products because they are both alcoholic beverages. Beer and hard cider are frequently sold within the same channels of trade.

15.    On January 25, 2020, RED LODGE ALES sent a cease and desist letter to LOCKHORN in which RED LODGE ALES demanded that LOCKHORN discontinue use of the BEARTOOTH BITTERSWEET mark. RED LODGE ALES received no response to this letter. Attached as Exhibit G is a copy of this letter.

16.    On February 25, 2020, RED LODGES ALES sent a follow-up letter to LOCKHORN. RED LODGE ALES received no response to this letter. Attached as Exhibit H is a copy of this letter.

5

17.     Upon information and belief, LOCKHORN was aware of RED LODGE ALES and its BEARTOOTH PALE ALE mark when LOCKHORN decided to adopt the mark BEARTOOTH BITTERSWEET.  Upon information and belief, LOCKHORN was aware that RED LODGE ALES had a cider mill and sold hard cider when it decided to adopt the mark BEARTOOTH BITTERSWEET.

18.     Upon information and belief, LOCKHORN has deliberately ignored the January 25 and February 25, 2020 letters from RED LODGE ALES.

19.     Upon information and belief, Defendant's adoption and continued use of the BEARTOOTH BITTERSWEET mark are with the specific intent of misappropriating and trading on the goodwill associated with RED LODGE ALES' prior-established BEARTOOTH PALE ALE mark.

20.     Defendant's actions have caused and will cause RED LODGE ALES irreparable harm for which money damages and other remedies are inadequate. Unless Defendant is restrained by this Court, it will continue and/or expand its unlawful activities and cause significant and irreparable harm to RED LODGE ALES by, among other things:

      a.     depriving RED LODGE ALES of its rights to use and control use of its trademarks;

      b.     creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the

infringing products and services;

    c.    causing the public falsely to associate RED LODGE ALES

    with Defendant and/or Defendant's products and services, or

    vice versa; and

    d.    causing incalculable and irreparable damage to RED LODGE

    ALES' goodwill and diminishing the capacity of RED LODGE

    ALES' registered trademarks to differentiate RED LODGE

    ALES products and services from those of others.

21.    Accordingly, in addition to other relief sought, RED LODGE ALES is entitled to preliminary and permanent injunctive relief against Defendant, its officers, directors, employees, affiliates, and all persons acting in concert with them.

## IV. FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114 (Lanham Act § 32)

22.    RED LODGE ALES realleges and incorporates by reference each of the allegations contained in all previous paragraphs set forth above in this Complaint, as if fully set forth here.

23.    Defendant's unauthorized and infringing use of RED LODGE ALES' BEARTOOTH PALE ALE mark and/or colorable imitations thereof, including, but not limited to, the BEARTOOTH BITTERSWEET mark, is likely to cause

7

confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's products and services by RED LODGE ALES. The consuming public is likely to believe that Defendant's products and services offered under the infringing BEARTOOTH BITTERSWEET mark (i) originate with RED LODGE ALES; (ii) are licensed, sponsored or approved by RED LODGE ALES; or (iii) in some way are connected with or related to RED LODGE ALES, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Upon information and belief, Defendant's adoption and use of the infringing BEARTOOTH BITTERSWEET mark has created actual confusion among consumers of alcoholic beverages as to sponsorship and affiliation between the parties.

24.     Defendant's unauthorized and infringing use of RED LODGE ALES' BEARTOOTH PALE ALE mark and/or colorable imitations thereof, including, but not limited to, the BEARTOOTH BITTERSWEET mark, was done intentionally with a view and purpose of trading on and benefitting from the substantial reputation and goodwill in the United States associated with the BEARTOOTH PALE ALE mark. Such unauthorized use by Defendant constitutes intentional and willful infringement of RED LODGE ALES' rights in and to its federally registered BEARTOOTH PALE ALE mark in violation Section 32 of the Lanham Act, 15 U.S.C. § 1114.

8

25.     Defendant's acts of trademark infringement have injured RED LODGE ALES in that RED LODGE ALES has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendant's unlawful conduct. In addition, Defendant has been unjustly enriched by reason of its trademark infringement in that it has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its unlawful conduct.

26.     Defendant's trademark infringement has caused, is causing, and will continue to cause irreparable and inherently unquantifiable injury and harm to RED LODGE ALES' business, reputation, and goodwill and will continue to do so unless Defendant's unlawful conduct is enjoined by this Court.

27.     RED LODGE ALES is entitled to injunctive relief, to recover all damages sustained by Defendant's actions and/or all profits realized by Defendant through its use of the infringing BEARTOOTH BITTERSWEET mark in connection with the offering for sale and sale of its products and services, and to recover the costs of this action.

28.     Defendant's actions have been willful and deliberate, entitling RED LODGE ALES to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendant.

9

## V.  SECOND CAUSE OF ACTION
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
#### 15 U.S.C. § 1125(a) (Lanham Act § 43(a))

29.     RED LODGE ALES realleges and incorporates by reference each of the allegations contained in all previous paragraphs set forth above in this Complaint, as if fully set forth here.

30.     Defendant's conduct includes the use of words and designations that tend falsely to describe its products and services, within the meaning of 15 U.S.C. § 1125(a)(1). Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to RED LODGE ALES' affiliation, connection, association, origin, sponsorship, endorsement, or approval of Defendant's products and services, to the detriment of RED LODGE ALES and in violation of 15 U.S.C. § 1125(a). Upon information and belief, Defendant's use of the infringing BEARTOOTH BITTERSWEET mark has created actual confusion among consumers of alcoholic beverages.

31.     Due to the notoriety and long use of its BEARTOOTH PALE ALE mark, RED LODGE ALES believes that Defendant knew of the BEARTOOTH PALE ALE mark prior to adopting its identical or nearly identical name and mark in the U.S. For this reason, and based on Defendant's refusal to stop using its mark in the U.S. after receiving explicit notice of RED LODGE ALES' claim of infringement, it is clear that Defendant's infringement is deliberate and willful,

10

making this an exceptional case under the Lanham Act.

32.     As a direct and proximate result of Defendant's infringing activities,

RED LODGE ALES has suffered substantial damage and irreparable harm.

Because Defendant willfully has traded on RED LODGE ALES' reputation and

BEARTOOTH PALE ALE mark, RED LODGE ALES is entitled to an injunction,

damages, disgorgement of Defendant's profits, treble damages, fees and costs.

## VI.  THIRD CAUSE OF ACTION
## TRADEMARK INFRINGEMENT UNDER MONTANA LAW
### Mont. Code Ann. §§ 30-13-301 *et seq.*

33.     RED LODGE ALES realleges and incorporates by reference each of

the allegations contained in all previous paragraphs set forth above in this

Complaint, as though fully set forth here.

34.     The Montana Trademarks and Service Marks Act (the "Act")

prohibits a person or entity from using a mark that infringes upon another's prior

rights to and ownership of a trademark or service mark.  Mont. Code Ann. § 30-13-

333.  The Act further provides a private right of action against any person or entity

whose infringing use of a mark, or any reproduction, copy, counterfeit or colorable

imitation thereof, is likely to cause confusion or mistake or to deceive as to the

source of origin of goods and services.  *Id.*, § 30-13-335.

35.     Defendant's unauthorized use of the BEARTOOTH BITTERSWEET

mark in connection with alcoholic beverages and other products and services has

caused and is likely to cause confusion, or to cause mistake, or to deceive, in violation of Montana law.

36.    Defendant's acts as described herein were committed willfully, knowingly, maliciously, and in conscious disregard of their legal obligations to RED LODGE ALES.

37.    Defendant's acts as described herein have caused and, unless restrained by the Court, will continue to cause significant, immediate and irreparable harm to RED LODGE ALES' property and business.  RED LODGE ALES has no adequate remedy at law.

38.    Defendant's acts have damaged RED LODGE ALES in an amount not as yet determined or ascertainable.  At a minimum, however, RED LODGE ALES is entitled to injunctive relief, an accounting of Defendant's profits, damages and costs.

## VII. FOURTH CAUSE OF ACTION
## TRADEMARK DILUTION UNDER MONTANA LAW
Mont. Code Ann. §§ 30-13-334 *et seq.*

39.    RED LODGE ALES realleges and incorporates by reference each of the allegations contained in all previous paragraphs set forth above in this Complaint, as though fully set forth here.

40.    RED LODGE ALES' BEARTOOTH PALE ALE mark has become famous within the State of Montana due to the longevity of use of the mark, the

12

volume of sales, and advertising associated with the mark, as well as RED LODGE ALES' unsolicited media coverage, customer testimonials, and industry awards.

41.     The Act prohibits a person or entity from using a mark if the use begins after the mark has become famous and causes dilution of the distinctive quality of the mark.  Mont. Code Ann. § 334.  The Act further provides a private right of action against any person or entity whose unauthorized use of the mark dilutes a mark registered with the Montana Secretary of State.  Remedies for such dilution include injunctive relief, monetary damages, including, but not limited to, treble damages, seizure of counterfeits or imitations in the possession of under the control of any defendant, and an award of reasonably attorney's fees.  *Id.*, § 30-13-335.

42.     Defendant's unauthorized use of the BEARTOOTH BITTERSWEET mark in connection with alcoholic beverages has diluted RED LODGE ALES' BEARTOOTH PALE ALE mark and caused damage to RED LODGE ALES as a result of such dilution, in violation of Montana law.

43.     Defendant's acts as described herein were committed willfully, knowingly, maliciously, and in conscious disregard of its legal obligations to RED LODGE ALES.

44.     Defendant's acts as described herein have caused and, unless restrained by the Court, will continue to cause significant, immediate and

irreparable harm to RED LODGE ALES's property and business. RED LODGE ALES has no adequate remedy at law.

45.  Defendant's acts have damaged RED LODGE ALES in an amount not as yet determined or ascertainable. At a minimum, however, RED LODGE ALES is entitled to injunctive relief, an accounting of Defendant's profits, damages and costs.

VIII.  FIFTH CAUSE OF ACTION
UNFAIR COMPETITION UNDER MONTANA LAW
Mont. Code Ann. §§ 30-14-101 *et seq.*

46.  RED LODGE ALES realleges and incorporates by reference each of the allegations contained in all previous paragraphs set forth above in this Complaint, as though fully set forth here.

47.  Defendant's unauthorized and bad-faith use of a mark that imitates and is essentially identical to RED LODGE ALES' BEARTOOTH PALE ALE— in connection with goods and/or services that are identical or highly similar to, or overlap with, the goods and/or services for which RED LODGE ALES uses its BEARTOOTH PALE ALE mark—constitutes a false designation of origin and a false representation that Defendant's sale of such goods is authorized, licensed, or otherwise endorsed by RED LODGE ALES, and is thereby likely to confuse the consuming public.

48.     Defendant's unauthorized use of the BEARTOOTH BITTERSWEET mark in connection with such goods and services takes out of RED LODGE ALES' control the quality of products and services bearing or offered under what appear to be RED LODGE ALES' BEARTOOTH PALE ALE mark and deprives RED LODGE ALES of the ability to maintain the prestige and reputation of the BEARTOOTH PALE ALE brand and products and services offered under that brand.

49.     Defendant's unauthorized sale and distribution of products and/or services bearing or offered under the BEARTOOTH BITTERSWEET mark constitutes unfair competition under Mont. Code Ann. §§ 30-14-101 *et seq.*

50.     Defendant's conduct is causing irreparable injury to RED LODGE ALES and the public, and to RED LODGE ALES's goodwill and reputation, and will continue to both damage RED LODGE ALES and deceive the public unless enjoined by this Court.  RED LODGE ALES has no adequate remedy at law.

51.     Defendant's acts have damaged RED LODGE ALES in an amount not as yet determined or ascertainable.  At a minimum, however, RED LODGE ALES is entitled to injunctive relief, an accounting of Defendant's profits, damages and costs.

IX.  SIXTH CAUSE OF ACTION
CANCELLATION OF MONTANA TRADEMARK
REGISTRATION NO. T1140105
Mont. Code Ann. § 30-13-318

52.    RED LODGE ALES realleges and incorporates by reference each of the allegations contained in all previous paragraphs set forth above in this Complaint, as though fully set forth here.

53.    On December 5, 1029, LOCKHORN registered the trademark "Beartooth Bittersweet Cider" with the Montana Secretary of State with a claimed date of first use of March 1, 2019.  Attached hereto as Exhibit I is a copy of the registration information for this mark.

54.    The mark "Beartooth Bittersweet Cider" is confusingly similar to RED LODGE ALE's BEARTOOTH PALE ALE mark.  The dominant part of each mark is "BEARTOOTH," and the goods are clearly related.  The words "Bittersweet Cider" and "Pale Ale" are merely descriptive and do not serve to distinguish the two marks in the eyes of consumers.

55.    Pursuant to Mont. Code Ann. § 30-13-318, Defendant's state trademark registration for "Beartooth Bittersweet Cider" should be canceled on the grounds that Defendant is not the owner of the mark, the registration was granted improperly, the registration was obtained fraudulently, and/or the mark is confusingly similar to BEARTOOTH PALE ALE.

16

## X.  SEVENTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

56.    RED LODGE ALES realleges and incorporates by reference each of

the allegations contained in all previous paragraphs set forth above in this

Complaint, as though fully set forth here.

57.    Defendant's use of Plaintiff's trademark constitutes common law

trademark infringement and unfair competition and is likely to confuse the

consuming public.

58.    Defendant's actions demonstrate an intentional, willful and malicious

intent to trade on the goodwill associated with Plaintiff's brands or trademarks to

the irreparable injury of Plaintiff.

59.    As a result of Defendant's acts, Plaintiff has been damaged in an

amount not as yet determined or ascertainable.  At a minimum, however, Plaintiff

is entitled to injunctive relief, an accounting of Defendant's profits, damages and

costs.

10.    Pursuant to Mont. Code Ann. § 30-13-336, Montana law expressly

reserves causes of action under the common law.

## X.  PRAYER FOR RELIEF

WHEREFORE, RED LODGE ALES prays that this Court grant it the

following relief:

1. adjudge that Defendant has infringed RED LODGE ALES'

BEARTOOTH PALE ALE mark in violation of RED LODGE ALES' rights under

15 U.S.C. § 1114;

2. adjudge that Defendant has competed unfairly with RED LODGE

ALES in violation of RED LODGE ALES' rights under common law and 15

U.S.C. § 1125(a);

3. preliminarily and permanently enjoin Defendant and its officers,

directors, agents, employees, successors, assigns, affiliates, and any person(s) in

active concert or participation with them, and/or any person(s) acting for, with, by,

through or under them, from:

a. manufacturing, selling, offering for sale, distributing,

advertising, or promoting any products or services that are offered under and/or

display any words or symbols that so resemble RED LODGE ALES'

BEARTOOTH PALE ALE mark as to be likely to cause confusion, mistake or

deception, on or in connection with any products or services not authorized by or

for RED LODGE ALES, including, without limitation, any product, website,

domain name, or social media account bearing any of Defendant's designations

18

which are the subject of this Complaint or any other approximation of RED

LODGE ALES' BEARTOOTH PALE ALE mark;

        b.    using any word, term, name, symbol, device or combination of

them that causes or is likely to cause confusion, mistake or deception as to the

affiliation or association of Defendant or its products or services with RED

LODGE ALES or its products or services offered in connection with the

BEARTOOTH PALE ALE mark, or as to the origin of Defendant's products or

services, or any false designation of origin, or false or misleading description or

representation of fact;

        c.    further infringing the rights of RED LODGE ALES in and to

any of its trademarks or otherwise damaging RED LODGE ALES' goodwill or

business reputation;

        d.    otherwise competing unfairly with RED LODGE ALES in any

manner; and

        e.    continuing to perform in any manner whatsoever any of the acts

complained of in this Complaint;

    4.    adjudge that RED LODGE ALES recover from Defendant the

damages, lost profits, punitive damages and treble damages as are available in an

amount to be proven at trial;

    5.    require Defendant to account for any profits attributable to infringing

19

products or services, and award RED LODGE ALES the greater of (a) three times

Defendant's profits or (b) three times any damages sustained by RED LODGE

ALES, under 15 U.S.C. § 1117, plus prejudgment interest;

    6.    order an accounting of and impose a constructive trust on all of

Defendant's funds and assets arising out of its infringing activities;

    7.    cancel Montana State Trademark Registration No. T1140105 for the

mark "Beartooth Bittersweet Cider";

    8.    award RED LODGE ALES its costs and disbursements incurred in

connection with this action, including RED LODGE ALES' reasonable attorneys'

fees and expenses; and

    9.    award all such other to RED LODGE ALES as this Court deems just

and proper.

DATED:    Billings, Montana
            August 4, 2020          Respectfully submitted,

                                By: *Antoinette M. Tease*

                                ANTOINETTE M. TEASE, P.L.L.C.
                                Antoinette M. Tease, P.L.L.C.
                                P.O. Box 1902
                                Billings, MT  59103
                                Telephone 406-294-9000
                                Facsimile 406-294-9002
                                toni@teaselaw.com

                                *Attorney for Plaintiff RED LODGE ALES*
                                *BREWING COMPANY*

## DEMAND FOR JURY TRIAL

RED LODGE ALES demands that this action be tried to a jury.

DATED:     Billings, Montana
           August 4, 2020

Respectfully submitted,

By: _____

ANTOINETTE M. TEASE, P.L.L.C.
Antoinette M. Tease
P.O. Box 1902
Billings, MT 59103
Telephone 406-294-9000
Facsimile 406-294-9000
toni@teaselaw.com

*Attorney for Plaintiff RED LODGE ALES
BREWING COMPANY*

21